David W. Newman, ISBN 8251
Assistant United States Trustee
Brett R. Cahoon, ISBN 8607
United States Department of Justice
Office of the United States Trustee
720 Park Blvd, Ste. 220
Boise, Idaho 83712
(208) 334-1300
(208) 334-9756 [Facsimile]
ustp.region18.bs.ecf@usdoj.gov

Attorneys for the Acting United States Trustee

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>JOHN KENT ERICKSON and<br>CYNTHIA J. ERICKSON,<br><br>Debtors. | Case No. 12-02007-JDP<br>Chapter 11 |

### OBJECTION TO MOTION TO CLOSE CASE (Dkt. 167)

Gregory M. Garvin, Acting United States Trustee for Region 18 ("United States Trustee") objects to Debtors' Motion to Close Case on the grounds set forth below.

### FACTUAL BACKGROUND

1. Debtors filed a voluntary chapter 13 petition in this case on August 16, 2012. The case was converted to chapter 11 on February 26, 2013. They confirmed a chapter 11 plan on June 21, 2013.

2. This case was closed on August 13, 2013, and was reopened on November 15, 2018.

1

3. At the time the Debtors moved to reopen the case, they also filed a motion seeking entry of an order discharging the Debtors (Dkt. 154).

4. The United States Trustee objected to the motion for entry of discharge (Dkt. 157).

5. On December 11, 2018, the Debtors withdrew their original motion seeking entry of discharge and filed an amended motion seeking this relief and filed a notice of hearing with respect to the amended motion (Dkt. 159 and 160).

6. On January 29, 2019, following a hearing on the amended motion, the Court entered an Order of Discharge (Dkt. 164).

7. Since the reopening of the case, the case has remained open during the 4th quarter of 2018, and the 1st and 2nd quarters of 2019.

8. The United States Trustee's office has asked the Debtors to file quarterly reports and pay quarterly fees as required by 28 U.S.C. § 1930.

9. The Debtors have ignored these requests. No monthly or quarterly reports have been filed, and no quarterly fees have been paid.

10. The precise amount of the quarterly fees owed cannot be calculated without the reports being prepared and filed. The Debtors owe at least $975.00 for the 3 quarters since the case was reopened.

11. The United States Trustee believes the Debtors refusal to file reports or pay quarterly fees is based upon their position and belief that debtors, as a matter of law, are not required to pay quarterly U.S. Trustee fees in reopened chapter 11 cases.

## **ARGUMENT**

The Debtors are mistaken. Debtors *are* required to pay quarterly fees in reopened Chapter 11 bankruptcy cases. The plain language of 28 U.S.C. § 1930 requires that "a quarterly fee shall be paid to the United States trustee, for deposit in the Treasury, *in each case under chapter 11* of title 11 for each quarter (including any fraction thereof) until the case is converted or dismissed" (emphasis added). The United States Trustee is aware of two bankruptcy court decisions that have addressed the issue of whether a debtor is required to pay quarterly fees in a reopened chapter 11 case. In both of those cases, the courts held that chapter 11 debtors are required to pay quarterly fees following the reopening of the case. *See In re Barbetta, LLC*, 11-04370-8-SWH, 2014 WL 3638853, 2014 Bankr. LEXIS 3121 (Bankr. E.D.N.C. July 23, 2014) and *In re Chandni*, 570 B.R. 530 (Bankr. W.D. La. 2017).

In *Barbetta*, the bankruptcy court held that the debtor was required to pay quarterly fees even though the debtor did not "voluntarily" reopen its bankruptcy case. *In re Barbetta, LLC* at *2. In that case, the debtor argued that it shouldn't have to pay quarterly fees because the debtor was required to reopen the case at the behest of the state court in order to seek the bankruptcy court's determination as to the dischargeability of a particular claim. *Id*. The bankruptcy court "swiftly and easily dispensed" with that argument by pointing to the fact that debtors are still required to pay quarterly fees in involuntary chapter 11 cases that begin with an involuntary petition. *Id*. However, the court went on to review the basis for the imposition of quarterly fees in the context of a reopened chapter 11 case under the relevant statutory and case law. *Id*.

In citing to the express language of Section 1930(a)(6) the court noted that "quarterly fees are required 'in each case under chapter 11,'" and that "a reopened case is, in fact, a case under

3

Chapter 11." *Id*. at *4. The court in *Barbetta* also noted that a reopened Chapter 11 case is subject to conversion or dismissal for cause under 11 U.S.C. § 1112(b)(1), and that one of the grounds for conversion or dismissal is failure to pay quarterly fees. *Id*. The court reasoned that if "a reopened case is again a case in existence under Chapter 11 and subject to conversion or dismissal for failure to pay quarterly fees…it follows that such fees are due." *Id*. The court also found that the legislative history and policy behind quarterly fees supported its decision that quarterly fees apply in reopened Chapter 11 cases. Id. at *3-4.

The court in *Chandni* also held that "quarterly fees were due to the U.S. Trustee under section 1930(a)(6) once the case was reopened." *In re Chandni* 570 B.R. at 532. In that case, the court reached its decision by looking to the plain language of the statute. The court held that "the unambiguous language of the statute refers only to dismissal or conversion as the cut-off for fees in a 'live' case," and that "once re-opened, a case is 'live' in all respects." *Id*. The court explained that the rationale for not requiring a debtor to pay quarterly fees in an administratively closed case is that "the proceeding is no longer a 'case under Chapter 11' within the meaning of section 1930(a)(6)." However, once a case is reopened it is "live in all respects." *Id*. In the present case, once the Debtors reopened their case, it was a "live" case. It was a "case under Chapter 11." As such, the Debtors are required to pay quarterly fees, and are required to prepare and file the reports necessary to allow such fees to be properly determined in accordance with the provisions of 28 U.S.C. § 1930(a)(6).

## **CONCLUSION**

Because the Debtors have not prepared or filed reports, or paid the required quarterly fees, the Court should deny the Debtors' request to close this case. Instead, the Court should

4

enter an Order requiring the Debtors to promptly prepare and file quarterly reports and pay quarterly fees.

Date: June 27, 2019               GREGORY M. GARVIN
                                  Acting United States Trustee, Region 18


                                  By: /s/ Brett R. Cahoon
                                  BRETT R. CAHOON
                                  Attorney for the Acting United States Trustee
                                  brett.r.cahoon@usdoj.gov


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 27, 2019, I caused the foregoing document to be served by e-mail electronic means on the party listed below:

(Debtors' counsel)
Matthew Todd Christensen

AND I FURTHER CERTIFY that on such date I caused to be served the foregoing document on the following non-CM/ECF Registered Participants via first class mail, postage paid, on the following:.

John K. Erickson
Cynthia J. Erickson
6117 S. Settlement Way
Boise, ID 83716

Date: June 27, 2019

                                  /s/ Brett R. Cahoon
                                  BRETT R. CAHOON

5